UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:93-cr-16 |
| Plaintiff-Respondent, | HONORABLE PAUL L. MALONEY |
| v. | Magistrate Judge Joseph G. Scoville |
| JUAN REYES #07371-040, | |
| Defendant-Petitioner. | |

## Opinion and Order

**Denying Defendant's Motion for Reconsideration**
of *US v. Reyes*, 2010 WL 816869 (W.D. Mich. March 4, 2010)

(Denying 18 U.S.C. § 3582(c)(2) Motion to Reduce Sentence under U.S.S.G. Ams. 505 & 591;
Denying Motion to Hold Aforementioned Motion in Abeyance)

A federal grand jury in this district issued a second superseding indictment against Reyes and others in July 1993; Reyes pled not guilty. On June 4, 1993, the government filed a supplemental notice pursuant to Title 21 alleging that (1) as a direct and causal result of the drug-distribution conspiracy, a man died of a cocaine overdose, and (2) Reyes had a prior felony drug conviction, subjecting him to statutory mandatory minimum of life in prison if convicted. Judge Richard Enslen presided over a seven-day jury trial in October 1993. The jury found Reyes guilty of both counts:

> **Count 1, Conspiracy to Distribute Heroin, Cocaine and Marijuana**, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846
>
> **Count 2, Money laundering,** in violation of 18 U.S.C. § 1956(1)(A)(I) (conducting a financial transaction by way of "Western Union" electronic money transfer affecting

interstate commerce)

Reyes submitted a sentencing memorandum. Judge Enslen found a base offense level of 43 and added two levels for possession of a firearm during the drug-distribution conspiracy, four levels for being a leader or organizer of the conspiracy, and two levels for obstructing justice, PSR at 11. Finding Reyes to be a career criminal and finding that the conspiracy caused Cooper's death, PSR at 15, Judge Enslen sentenced him on February 23, 1994 to a mandatory term of life imprisonment on count 1 (drug offense) and a concurrent term of 240 months imprisonment on count 2 (financial transaction offense), followed by concurrent terms of supervised release of 10 years on count one and 3 years on count two, as well as a $20,000 fine on count one and $5,000 fine on count two.

Sixth Circuit Affirms. Reyes timely appealed to the Sixth Circuit Court of Appeals, *see* Doc 246, and the appeal was assigned Appeal No. 94-1284. The Sixth Circuit affirmed Reyes' conviction and sentence by order dated July 5, 1995. In December 1995, Reyes timely filed a petition for writ of certiorari with the United States Supreme Court, which denied the petition in March 1996.

Judge Enslen Denies Reyes's First Habeas Petition, But Grants COA on First of Five Claims. On February 28, 1997, Reyes filed a motion for postconviction relief under 28 U.S.C. § 2255. Reyes filed his opening brief in March 1997 and the government filed opposition in April 1997. On May 23, 1997, Judge Enslen denied Reyes's section 2255 motion. On June 2, 1997 Reyes filed a motion for reconsideration, which Judge Enslen denied.

In September 1997, Reyes appealed the denial of his motion for reconsideration, and the appeal was assigned No. 97-1966. In October 1997, Reyes, proceeding *pro se*, requested a

certificate of appealability ("COA"); Judge Enslen granted the COA as to the first issue raised in Reyes's petition but not the other issues. Reyes moved for Judge Enslen to reconsider the partial denial of his COA request; after receiving briefs, Judge Enslen declined reconsideration on March 3, 1998.

On June 19, 1998, the Sixth Circuit dismissed Reyes's appeal (from Judge Enslen's refusal to reconsider the denial of his § 2255 motion) for lack of jurisdiction.

Reyes's First Motion for Downward Departure. In December 2002, Reyes filed a motion for downward departure (reduction in sentence) pursuant to 18 U.S.C. § 3582(c)(2); he argued that retroactive Amendment 505 would have resulted in a lower sentence if it had been in effect at the time of his sentencing. The government filed an opposition brief explaining that the life sentence was mandated by Title 21 U.S.C. given the court's findings made at sentencing and the government's supplemental notice. Finding that Amendment 505 merely reduced offense levels based on drug quantity and so did not apply here, Judge Enslen denied Reyes's motion for reduction of sentence by order issued February 14, 2003. On February 28, 2003, Reyes filed a motion to amend judgment, which Judge Enslen denied by order issued March 10, 2003.

Reyes appealed to the Sixth Circuit from the denial of his sentence-reduction motion, and from the denial of his motion to amend that denial. The appeals were assigned Sixth Circuit numbers 03-1282 and 03-1408. In December 2003, the Sixth Circuit affirmed Judge Enslen's denial of the first sentence-reduction motion and his denial of the motion to amend, stating that

> [a] guideline sentence is generally governed by statute when the statutory minimum exceeds the otherwise applicable guideline range. *See* U.S.S.G. § 5G1.1(b); *United States v. Barnes*, 49 F.3d 1144, 1150 (6th Cir. 1995). Thus, the court acted within its discretion by denying Reyes' motion, as the retroactive application of Amendment

> 505 would not have affected his sentencing guideline range.
>
> Reyes also argues that the district court's application of § 841(b)(1)(A) violated the holding in *Apprendi v. New Jersey*, 530 U.S. 466, 490 . . . (2000). However, it is now clear that *Apprendi* is not retroactively applicable, even to cases on initial collateral review. *See Goode* . . . , 305 F.3d 378, 382 (6th Cir. [2002]) . . . .

*US v. Reyes*, 83 F. App'x 796, 797 (6th Cir. Dec. 11, 2003) (C.J. Boggs, Batchelder, Sutton).

Reyes's Motion for Writ of *Audita Querela*. In January 2005, Reyes filed a motion for a writ of *audita querela* and a motion for appointment of counsel, contending that *US v. Booker* (U.S. 2005) and *Apprendi* (U.S.) prohibited the court from basing his sentence on drug quantities that had not been specifically found by the jury. The government filed an opposition brief, and Judge Enslen denied both motions by order issued March 31, 2005. Reyes timely attempted to appeal, but Judge Enslen denied a COA on June 9, 2003. The Sixth Circuit affirmed on June 19, 2006.

The Instant Motion for Reduction of Sentence under Guideline Amendments 505 and 591. On October 13, 2009, Reyes filed this 18 U.S.C. § 3582(c)(2) motion to reduce his sentence through retroactive application of Amendments 505 and 591 to the United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines"); he filed a supplement on October 16, 2009. On November 9, 2009, in response to an order of this court, Reyes filed a Notice explaining that he is seeking reduction of sentence through retroactive application of Guideline Amendments 505 and 591, not Amendments 706 and 711 as the court initially believed. *See* Doc 546 at 1-2. Reyes notes that Amendment 505 (effective November 1, 1997) and Amendment 591 (effective November 1, 2000) were both expressly made retroactive by U.S.S.G. § 1B1.10(a). *See* Doc 546 at 2.

By order issued December 22, 2009 this court directed the government to file a brief in response to Reyes's latest sentence-reduction motion. The government timely filed that response

brief on Monday, February 22, 2010.  **Reyes' motion for reduction of sentence stated as follows:**

> A court may . . . reduce the term of imprisonment when the sentencing range on which the sentence was based "has subsequently been lowered by the Sentencing Commission," the court has considered "the factors set forth in Title 18 U.S.C. § 3553(a) to the extent that they are applicable," and "a reduction is consistent with applicable policy statements issued by the Sentencing Commission.
>
> The applicable policy statement, [U.S.S.G.] § 1B1.10(a), provides that a reduction in sentence is warranted when a guideline range has been lowered for a listed Amendment:
>
>> Where a defendant is serving a term of imprisonment, and the guideline range applicable [to] that defendant has subsequently been lowered as a result of an amendment to the Guideline Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2).
>>
>> If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment is not consistent with this policy statement and thus is not authorized .
>
> United States Sentencing Guidelines § 1B1.10(a) (Nov. 2006).
>
> **Amendment 505 modified § 2D1.1(c)** of the sentencing guidelines to reduce the maximum offense level for drug quantity alone from level 42 to level 38. Amendment 505 became effective November 1, 1997.  *See* § 2D1.[1](c), U.S.S.G., App. C, Amend. 505.  Amendment 505 requires that the base offense level for drug conspiracies to be no more than a level 38.  *Id.*
>
> **Amendment 591** requires that the initial selection of the offense guideline be based only on the statute or offense of conviction rather than judicial findings of actual conduct.  Amendment 591 became effective November 1, 2000, and modified § 1B1.1(a) of the sentencing guidelines by replacing the existing language with the following rule for the initial selection of the offense guideline: "Determine, pursuant to § 1B1.2 (Applicable Guidelines) the offense guideline section from chapter two (Offense Conduct) applicable to the offense of conviction."  *See* § 1B1.2, U.S.S.G. App. C Amend. 591 (2006).
>
> **The Sentencing Commission made Amendments 505 and 591 retroactive**, and the petitioner seeks reduction in sentence and resentencing, as well as a hearing to have the retroactive amendments applied in concert with the sentencing factors of Title 18 U.S.C. § 3553(a).

The district court failed to make the § 3553(a) determinations in the petitioner's previous § 3582(c) motion seeking relief pursuant to Amendment 505, and the manifest injustice standard warrants relief pursuant to Amendment 505 at this time. The petitioner request[s] the application of the § 3553(a) factors in review of the application of Amendment 591 as well. The court can make a determination whether or not to reduce the original sentence previously imposed upon [petitioner] considering the § 3553(a) factors. *See US v. Lively*, 20 F.3d 193, 197 (6th Cir. 1994)

**[T]he following factors warrant reduction of the original sentence imposed upon him after consideration of the § 3553(a) factors:** (1) The district court's lack of jurisdiction to sentence the petitioner to beyond a maximum sentence of twenty (20) years pursuant to Title 21 U.S.C. § 841(b)(1)(C); (2) The general verdict of guilt for a multi-drug conspiracy warranting a lesser sentence; (3) The erroneous sentencing guidelines enhancement based on false and unreliable information and/or testimony warranting a lesser sentence; and (4) the application of *US v. Booker*, 543 U.S. 220 (2005), *Kimbrough v. US*, 128 S.Ct. 558, 568 (2007), and *Gall v. US*, 128 S.Ct. 586 (2007).

*US v. Reyes*, 1:1993-crim-16, 2010 WL 816869, *3-4 (W.D. Mich. Mar. 4, 2010) (Maloney, C.J.)

(quoting Def's Mot for Reduction of Sentence at 3-5 (boldface added)).

**As to Amendment 505 and *Booker / Apprendi*, Reyes argued that the amendment**

limited the base offense level to a Level 38 for a drug conspiracy conviction pursuant to § 2D1.1(c).

He also argue[d] that "given the fact that no drug quantity was charged in the indictment . . . 21 U.S.C. § 841(b)(1)(C) mandated . . . a sentence of zero (0) years to a maximum of twenty (20) years." Def's Mot at 6.

Reyes further argue[d] that the base offense level should then be reduced from 38 to 12, "the base offense level for the least drug substances [sic] of marijuana, cocaine, and heroin", Def's Mot at 6 (citing § 2D1.1(c)), rather than "more than thirty thousand (30,000) kilograms of marijuana, more than thirty (30) kilograms of heroin, and more than one hundred fifty (150) kilograms of cocaine." Def's Mot at 6; *see also* Def's Mot at 10 ("The law was established at the time of the petitioner's conviction and sentencing, that where no quantity of drug has been specifically stated in an indictment with drug offenses under 21 U.S.C. §§ 841(a) and 846, a defendant faces a minimum of zero (0) years and a maximum of twenty (20) years.") (citing *US v. Sanchez*, 988 F.2d 1384, 1395 nn. 15-16 (6th Cir. 1993)); Def's Mot at 22 ("Constitutional *Booker* error has occurred in the present case, where the district court used extra[-]verdict facts, such as drug type and quantity, and possessing a firearm during the conspiracy offense, to enhance the petitioner' sentence.").

Reyes also surmises that Judge Enslen and the U.S. Probation Office (which prepared the pre-sentence report) imposed the base offense level of 43 because that is the base offense level for murder under U.S.S.G. § 2A1.1. *See* Def's Mot at 6 (citing PSR at 11).

*Reyes*, 2010 WL 816869 at *4. This court rejected the Amendment 505 argument as follows:

**Reyes acknowledges that his Amendment 505 argument was considered and rejected on its merits by Judge Enslen on a prior motion for reduction of sentence:**

> *Contrary to the previous decision by this court*, that the petitioner was not entitled to a reduction of sentence pursuant to Amendment 505, because the petitioner had a prior felony drug conviction along with the government's filing of a notice of enhancement pursuant to Title 21 U.S.C. § 851(a); and the fact that the district court determined that the petitioner provided drugs that caused death, is now clearly erroneous. The petitioner never faced a mandatory life sentence pursuant to . . . 21 U.S.C. § 841(b)(1)(A) . . . .

Def's Mot at 7 (emphasis added).[1]

As the government correctly notes . . . , **Reyes' Amendment 505 argument was raised and rejected by Judge Enslen on a previous motion to correct sentence, and the Sixth Circuit specifically affirmed on these grounds:**

> [a] guideline sentence is generally governed by statute when the statutory minimum exceeds the otherwise applicable guideline range. *See* U.S.S.G. § 5G1.1(b); *United States v. Barnes*, 49 F.3d 1144, 1150 (6th Cir. 1995). Thus, the court acted within its discretion by denying Reyes' motion, as the retroactive application of Amendment

---

[1] Reyes also asserted that he did not have the required two prior felony drug convictions to trigger 21 U.S.C. § 841(b)(1)(A). Because Reyes provided no evidence or argument for this assertion, this court found he had abandoned the argument. *See Reyes*, 2010 WL 816869 at *5 n.2 (citing *US v. Fox*, 2010 WL 337326, *1 (6th Cir. Feb. 1, 2010) ("'Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.'") (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997))). *See also Abuasfour v. Holder*, – F. App'x –, –, 2010 WL 376284, *1 (6th Cir. Feb. 4, 2010) (per curiam) (C.J. Batchelder, Siler, Gilman) ("Because Abuasfour did not address his CAT withholding of removal claim in his brief, we deem that he has waived it.") (citing *Farm Labor Org. Comm. v. Ohio State Hwy. Patrol*, 308 F.3d 523 F.3d 527 n.6 (6th Cir. 2002)).

> 505 would not have affected his sentencing guideline range.
>
> Reyes also argues that the district court's application of § 841(b)(1)(A) violated the holding in *Apprendi v. New Jersey*, 530 U.S. 466, 490 . . . (2000). However, it is now clear that *Apprendi* is not retroactively applicable, even to cases on initial collateral review. *See Goode v. United States*, 305 F.3d 378, 382 (6th Cir. [2002]) . . .

*US v. Reyes*, 83 F. App'x 796, 797 (6th Cir. Dec. 11, 2003) (C.J. Boggs, Batchelder, Sutton).

> **The law-of-the-case doctrine makes it inappropriate to consider the argument again now under the circumstances.** The law-of-the-case doctrine presumptively "'precludes reconsideration of issues decided at an earlier stage of the case.'" *Likas v. Life Ins. Co. of North America*, 347 F. App'x 162, *6 (6th Cir. Sept. 21, 2009) (no F. App'x page numbers available yet on WestLaw) (quoting *Caldwell v. Cit of Louisville*, 200 F. App'x 430, 433 (6th Cir. 2006)), *reh'g & reh'g en banc denied* (6th Cir. Nov 24, 2009).
>
> A federal court in our circuit may reconsider a ruling only under "exceptional circumstances", namely (1) where substantially different evidence is raised on subsequent trial, (2) "where a subsequent contrary view of the law is decided by the controlling authority", or (3) where a decision is clearly erroneous and would work a manifest injustice if allowed to stand. *Likas*, 347 F. App'x at *6 (quoting *US v. Randolph*, 47 F. App'x 729, 730 (6th Cir. 2002)). The first two exceptions to the law-of-the-case doctrine do not even arguably apply, and for the reasons stated below, refusing to revisit the Amendment 505 argument would not work a manifest injustice because that argument lacks merit.

*Reyes*, 2010 WL 816869 at *5 (last two ¶ breaks added).

**This court went on to reject Reyes' argument that his sentence should be reduced pursuant to Guideline Amendment 591, as well:**

> The court need not consider the government's argument that the law-of-the-case doctrine also precludes consideration of Reyes' Amendment 591 argument because Judge Enslen's prior decision "effectively, if not explicitly" covered both, *see* Gov's Opp at 5, because the Amendment 591 argument likewise clearly lacks merit.
>
> Simply put, Judge Enslen permissibly found drug type and weight, found per the government's Notice that a man died as a result of his drug-distribution conspiracy, and determined that Reyes was a career offender, and 21 U.S.C. § 841(b)(1)(A) consequently mandated a sentence of life in prison. That statutory mandatory

minimum cannot be avoided or negated by *any* amendment to *any* guideline at any time. In *US v. Johnson*, 564 F.3d 419 (6th Cir.), *cert. denied*, – U.S. –, 130 S.Ct. 318 (2009), a defendant convicted of conspiracy to distribute "crack" cocaine (cocaine base) was subject to a Guidelines recommended-sentence range of 235-293 months imprisonment. *Id.*, 564 F.3d at 422. Congress subsequently reduced the base offense level for most crack offenses via Amendment 706, which U.S.S.G. § 1B1.10(c) expressly designates as retroactive. *Id.* The defendant moved to reduce his sentence in reliance on that amendment, contending that it lowered his applicable guideline range to 188-235 months. *Id.* Our Court of Appeals held that the district court lacked jurisdiction to reduce the sentence under 18 U.S.C. § 3582(e), stating,

> Johnson's argument lacks merit because he was not in fact sentenced on a guidelines range that was subsequently reduced. Rather, his sentence was based on the mandatory minimum imposed by 21 U.S.C. § 841(b)(1)(A), which remained unchanged by Guidelines Amendment 706. "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."

*Johnson*, 564 F.3d at 423 (quoting U.S.S.G. § 5G1.1(b) and citing *US v. Goff*, 6 F.3d 363, 366-67 (6th Cir. 1993) ("As the guidelines themselves recognize, where a statutory mandatory minimum and the guidelines conflict, the guidelines must yield, and the statutory minimum sentence prevails.")).

**A later Sixth Circuit panel cited U.S.S.G. § 5G1.1(b) and employed similar reasoning to reject a section 3582(c) sentence-reduction based on Amendment 591. The same decision also shows why this court must reject Reyes' argument that his rights were violated by Judge Enslen rather than a jury determining drug type or weight or other facts bearing on an appropriate sentence**.

In *US v. Smith*, 88 F. App'x 71 (6th Cir.) (per curiam) (Martin, Ryan, Moore), *cert. denied*, 541 U.S. 1082 (2004), a jury convicted the defendant of conspiring to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846, and aiding and abetting that same offense in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. *See Smith*, 88 F. App'x at 71.

At sentencing, Smith was found to be accountable for 673 grams of cocaine and 84 grams of cocaine base, which yielded a recommended guidelines range of 151-199 months; due to a prior drug conviction, however, 21 U.S.C. § 841(b)(1)(A) mandated a minimum sentence of 240 months, and the district judge imposed that sentence. *Id.* The *Smith* panel wrote as follows:

> In his motion to modify, Smith asserted that the Sentencing

Guidelines Amendment 591's requirement that he only be sentenced for the offense of conviction meant that he should be resentenced under 21 U.S.C. § 841(b)(1)(C) because the jury did not determine the amount of drugs attributable to him. Smith relied on *Apprendi v. New Jersey*, 530 U.S. 466 . . . (2000), and its progeny to support this argument. Additionally, he argued that Amendment 591 dictated that the offense level for conspiracy should be determined pursuant to U.S.S.G. § 2X1.1. * * *

Upon review, we conclude that the district court did not abuse its discretion in denying Smith's § 3582(c) motion. * * *
* * *
Amendment 591 was given retroactive effect under § 1B1.10 . . . . The amendment modified U.S.S.G. §§ 1B1.1(a), 1.2(a), and 2D1.2, as well as the Statutory Index's introductory commentary. The amendment resolved a circuit conflict regarding § 2D1.2 and also clarified that "the sentencing court must apply the offense guideline referenced in the Statutory Index for the statute of conviction unless the case falls within the limited 'stipulation' exception set forth in § 1B1.2(a)." U.S.S.G. App. C, p. 32 (Supp. 2000). Where the offense involved a conspiracy, the amendment [591] directs the court to "refer to § 2X1.1 . . . as well as the guideline reference in the Statutory Index for the substantive offense." *Id.* at 30.

This amendment [591] does not affect Smith's sentence. First, Smith's offense level was not enhanced pursuant to § 2D1.2. Second, review of the Presentence Investigation Report indicates that Smith was sentenced in accordance with the appropriate offense guidelines. His base offense level was proper pursuant to U.S.S.G. § 2D1.1, as listed in the Statutory Index. Section 2X1.1 did not affect his offense level because that guideline does not apply to conspiracies covered by § 2D1.1. U.S.S.G. § 2X1.1, comment (n. 1). *Because the statutory minimum sentence exceeded Smith's guideline range, the statutory minimum became his guideline range pursuant to U.S.S.G. § 5G1.1(b).*

*Third, his Apprendi argument lacks merit. Apprendi does not affect guideline ranges, see United States v. Garcia*, 252 F.3d 838, 843 (6th Cir. 2001), *and thus does not afford relief under [18 U.S.C.] § 3582.* [sister-Circuit citations omitted]

*Smith*, 88 F. App'x at 72-73 (emphasis added, last paragraph break added); *accord US v. Ontiveros-Cervantes*, 2010 WL 519812 (D. Neb. Feb. 8, 2010) (Warren Urbom, Sr. J.) (employing same reasoning in denying defendant's 18 U.S.C. §

3582(c) motion invoking Amendment 509 to reduce statutory minimum sentence for conspiring to distribute and to PWID 500 grams or more of methamphetamine); *US v. Swint*, 2007 WL 675340 (E.D. Pa. Feb. 27, 2007).

Thus, to the extent that Reyes' Amendment 591 claim is not barred from consideration by the law-of-the-case doctrine, it lacks merit just as his Amendment 505 argument lacks merit.

*Reyes*, 2010 WL 816869 at *6-7.

**Next, Reyes filed a supplement to his 18 U.S.C. § 3582(c)(2) motion, contending that the district court relied on unreliable and/or false information in making the findings leading to the addition of offense levels for a leader/organizer role in the drug conspiracy and the death of a man by overdose from drugs distributed by the conspirators. *See* Doc 544 at 3. This court refused to entertain Reyes's objection to the leader/organizer adjustment, stating as follows:**

> This argument is not properly before the court on a motion to reduce sentence under any portion of 18 U.S.C. § 3582.
>
> Section 3582(a) sets forth "factors to be considered in imposing a term of imprisonment, and section 3582(b) addresses the effect of a modification or correction of a sentence on its finality for other purposes; neither authorizes the aforementioned challenge raised by Reyes' supplement. *Accord US v. Stossel*, 348 F.3d 1320, 1322 (11th Cir. 2003) (agreeing with Eighth Circuit that "'§ 3582(b) does not grant jurisdiction to a district court to do *anything*, let alone correct an illegal sentence.'") (quoting *US v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993)).
>
> Next, section 3582(c)(1) authorizes a modification of a term of imprisonment only upon motion of the Director of the Federal Bureau of Prisons, so it too does not authorize the aforementioned challenge raised by Reyes' supplement.
>
> Likewise, section 3582(c)(2) does not authorize the supplement's challenge to the evidence and testimony which led the district court to make the findings underlying offense-level enhancements on this basis: it merely authorizes the court to reduce a term of imprisonment, on the defendant or BOP Director's motion, where he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

Lastly, the final subsection, § 3582(d), merely authorizes a district court, under certain circumstances, to

> include as the part of the sentence an order that requires that the defendant not associate or communicate with a specified person, other than his attorney, upon a showing of probable cause to believe that the association or communication with such person is for the purpose of enabling the defendant to control, manage, direct, finance, or otherwise participate in an illegal enterprise.

18 U.S.C. § 3582(d).

Thus, section 3582 provides no authority for the supplemental challenge to certain evidence underlying offense-level enhancements. *See US v. Metcalfe*, 581 F.3d 456,457 (6th Cir. 2009) (C.J. Batchelder, Suhrheinrich, Sutton) ("[B]ecause § 3582(c)(2) is not a vehicle for convicts to raise unrelated sentencing challenges that they had previously overlooked or omitted, we affirm."); *accord US v. Hull*, 341 F. App'x 573, 574 (11th Cir.) ("Section 3582(c)(2) is not a vehicle for revisiting the merits of appellant's sentence."), *cert. denied*, – U.S. –, 130 S.Ct. 1030 (2009). In short, when a convict files a section 3582(c)(2) motion to reduce sentence, "'*all* original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing.'" *US v. Spigner*, 324 F. App'x 868, 869 (11th Cir. 2009) (quoting *US v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000) (emphasis in original)); *accord US v. Gamboa*, No. 96-35757, 116 F.3d 1487, 1997 WL 345665, *1 n.2 (9th Cir. June 23, 1997) ("Gamboa's sentencing claims not involving changes to the guidelines are not cognizable in his section 3582 motion and therefore were not properly before the district court.").[2]

**To raise any challenge to the reliability, admissibility, or factual accuracy of the evidence/testimony underlying his sentence, or to assert a substantive *Booker / Apprendi* or similar argument, Reyes must seek leave from the U.S. Court of Appeals for the Sixth Circuit to file a second or successive habeas corpus petition.** *Cf. US v. Durfee*, No. 94-1252, 53 F.3d 343, 1995 WL 257865, *1 (10th Cir. May 3, 1995) ("The government urges us to consider the appeal as timely as arising under 28 U.S.C. § 2555; we decline to do so. Mr. Durfee plainly proceeded under 18 U.S.C. [§] 3582(c)(2); his belated claim of ineffective assistance of counsel

---

[2] *Accord US v. Peguero*, 2010 WL 325802, *1 n.3 (3d Cir. Jan. 29, 2010) ("Peguero claimed in the District Court that his criminal history category was overstated and that he should have been granted an additional one-point reduction in his offense level for pleading guilty. * * * His claims are not cognizable in a § 3582(c)(2) proceeding.");

*US v. Williams*, 2010 WL 114508, *1 (D.N.H. Jan. 6, 2010) (Joseph DiClerico, J.).

may have been rejected by the district court as not properly before it, *see Burnett v. Dresser Indus., Inc.*, 849 F.2d 1277, 1285 (10th Cir. 1988), and he may proceed under that claim in a [section] 2255 petition if he so chooses."); [other out-of-circuit citations omitted].

*Reyes*, 2010 WL 816869 at *8 (some paragraph breaks added); *accord US v. Lawrence*, 2010 WL 299254, *2, – F. App'x – (10th Cir. Jan. 27, 2010) ("Lawrence also argues that the sentencing court erred in imposing his sentence, particularly with respect to its finding regarding the quantity of drugs attributable to him. The district court construed his claim as raising constitutional claims of error under *Blakely* . . . and . . . *Booker*. Such claims are not cognizable under the limited jurisdiction granted in § 3582(c)(2).") (citing *US v. Price*, 438 F.3d 1005, 1007 (10th Cir. 2006) ("§ 3582(c)(2) only *expressly* allows a reduction where the Sentencing Commission, not the Supreme Court, has lowered the [applicable guideline] range.")).

### DEFENDANT'S MOTION TO HOLD IN ABEYANCE

On March 1, 2010, defendant Reyes filed a motion to defer ruling on his sentence-reduction motion pending a decision in a case in which the United States Supreme Court recently granted *certiorari*: *Dillon v. US*, 572 F.3d 146 (3d Cir. 2009), *cert. granted,* 78 U.S.L.W. 3334 and 3340, – U.S. –, 130 S.Ct. 797 (U.S. Dec. 9, 2009) (No. 09-6338). Reyes characterized the *Dillon* case and its potential significance to his motion as follows:

> * * * *Dillion [sic] v. United States*, 572 F.3d 146, (3rd Cir. 2009) [held] that *United States v. Booker*, 543 U.S. 220, 76 CrL 251 [sic] (2005), which established that the Sixth Amendment requires that a jury find any facts that authorize a sentence above the statutory maximum, and which requires district courts to use a defendant's U.S. Sentencing Guidelines range only as a starting point for determining a reasonable sentence based on an individualized assessment of the sentencing factors set forth in 18 U.S.C. § 3553(a), does not allow a district court reducing a previously imposed sentence pursuant to 18 U.S.C. § 3582(c) to reflect a guidelines change to treat the amended guidelines range as advisory . . . .

-13-

[A]ccordingly, the district court in this case, which reduced a previously imposed sentence by two levels, in accordance with a retroactive guideline change that reduced the base offense level for crack cocaine offenses, lacked authority to reduce the appellant's sentence below the new guidelines range applicable to the defendant . . . . [A]dditionally, the appellant's contention that district [court] erred in calculating his criminal history score is without merit, because the district court had no authority to reconsider its prior criminal history determination.

The United States Supreme Court granted review on the following questions as presented:

"(1) Are the U.S. Sentencing Guidelines binding when a district court imposes a new sentence under a revised guidelines range under 18 U.S.C. § 3582?

(2) Is a district court required, during a Section 3582(c)(2) sentencing, to impose a sentence based on an admittedly incorrectly calculated guidelines range?

[T]he *Dillion* decision could . . . render a favorable outcome on . . . his pending 18 U.S.C. § 3582(c)(2) motion, and can also assist . . . in making an appropriate and just decision of his motion. Furthermore, it will conserve judicial resources by avoiding the filing of additional pleadings and/or an appeal, after the *Dillion* decision.

*Reyes*, 2010 WL 816869 at *9 (quoting Def's Mot to Stay) (¶ break added)). **This court denied Reyes' motion to stay pending the Supreme Court's decision in *Dillon*, stating as follows:**

Reyes's motion to stay lacks merit. As noted above, 18 U.S.C. § 3582(c) is not an appropriate vehicle for *Booker* / *Apprendi* arguments, nor indeed for *any* challenge to a sentence that is not based solely on a retroactive amendment to a relevant Sentencing Guideline. *See Brewster*, 335 F. App'x at 10 ("[If] . . . Brewster seeks to challenge the Sixth Amendment constitutionality of any aspect of his original sentence under *Booker*'s substantive holding . . . § 3582(c)(2) is not the proper vehicle for such a challenge, *see* 28 U.S.C. § 2255 (governing collateral attacks to sentences)."); *US v. Bacote*, 8 F.3d 64 (2d Cir. 2001) (same for *Apprendi* claim); *see, e.g., US v. Smith*, 2009 WL 3633352, *2 (S.D. Miss. Oct. 28, 2009) (same for *Booker* claim); *US v. Turner*, 2008 WL 2116971, *2 n.2 (N.D. Ind. May 20, 2008) ("Turner also contends that his indictment did not specify a drug quantity and that he did not admit to a drug amount during his plea colloquy. This argument appears to be a challenge to his conviction and/or sentence and [is] not properly before the court on a motion under 3582(c)(2).").

*Reyes*, 2010 WL 816869 at *9.

**On Monday, March 22, 2010, Reyes filed a motion for reconsideration of *Reyes*, 2010**

-14-

**WL 816869 (W.D. Mich. Mar. 4, 2010).[3] For the reasons that follow, Reyes' motion provides no basis for reconsideration, so the court will deny it without requiring a response brief.** *See Urban Assocs., Inc. v. Standex Electronics, Inc.*, 216 F. App'x 495 (6th Cir. 2007) (Batchelder, Griffin, D.J. Thomas Phillips) (noting, without disapproval, that "Urban timely filed a motion for reconsideration, which the district court denied . . . without waiting for opposition and reply briefs.").

Reyes first complains that his due process rights were violated because this court issued its opinion denying his motion for sentence reduction (and motion for stay) without waiting for his reply brief. This is not a ground for reconsideration under the circumstances. The court typically waits for the reply-brief deadline to elapse where there is any serious question about which party's arguments deserve to prevail. Here, however, Reyes' motion to reduce sentence and his motion to stay patently lacked merit, so the court did not need to wait for Reyes's reply brief. A reply brief would be unable to avert the denial of those motions unless it raised an entirely new claim, argument or theory – which is not allowed in a reply brief absent some intervening precedential decision (i.e., a holding of the U.S. Supreme Court, or a holding of the Sixth Circuit Court of Appeals in a decision published in the Federal Reporter books). *See US v. Lockett*, – F. App'x –, 2009 WL 5084096, *14 (6th Cir. Dec. 29, 2009) (C.J. Batchelder, Gibbons, Chief D.J. Maloney) ("These arguments were not made in Lockett's opening brief on appeal so they are waived.") (citing, *inter alia*, *Am. Trim, LLC v. Oracle Corp.*, 383 F.3d 462, 477 (6th Cir. 2004) (citing *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 578 (6th Cir. 2002))); *cf. US v. Mellies*, 329 F. App'x 592 (6th Cir. 2009)

---

[3] Reyes also filed a notice of appeal from that decision on March 16, 2010, *see* Doc 556, and it was assigned Sixth Circuit No. 10-1337.

(Keith, Sutton, Griffin) (noting that court did not have to consider argument which party raised for the first time at oral argument rather than in its appellate briefs). *Accord Teamsters Local 243 v. DHT Transp.*, 2007 WL 3026096, *2 (E.D. Mich. Oct. 12, 2007) (Hood, J.) ("The Court finds that it was not proper for plaintiff to invoke relief pursuant to a different rule of civil procedure or a different legal theory in its reply brief.") (citing *US v. Campbell*, 279 F.3d 392, 401 (6th Cir. 2002) (quoting *US v. Crozier*, 259 F.3d 503, 517 (6th Cir. 2001))).

Second, Reyes acknowledges that Judge Enslen previously denied his 18 U.S.C. § 3582(c)(2) motion which contended that Guideline Amendment 505, applied retroactively, required a reduction in his sentence. Reyes asserts, however, that because Judge Enslen issued only one- and two-page orders denying his motions to reconsider or amend that ruling, rather than fuller opinions, his ruling on the Amendment 505 argument is not entitled to deference under the law-of-the-case doctrine. *See* Doc 487 (Judge Enslen's Feb. 14, 2003 Order denying Reyes's first sentence-reduction / "downward departure" motion) and Doc 491 (Judge Enslen's Mar. 10, 2003 Order denying Reyes's motion to amend said order). In Reyes' view, "if there was no opinion on that first 3582 motion then it appears that Judge Enslen did not adjudicate on the merits of the claim in that motion, so it never became final and can be raised again." Reyes presents no authority for the novel proposition that a short order which denies a motion *on its merits* nonetheless does not constitute a prior "adjudication" for purposes of the law-of-the-case doctrine.

Moreover, Reyes timely appealed both Judge Enslen's denial of his first sentence-reduction motion and his denial of Reyes' motion to reconsider/amend said order. *See* Doc 490 (Notice of Appeal filed Feb. 28, 2003) and Doc 594 (Notice of Appeal filed Mar. 24, 2003). If the Sixth Circuit believed that Judge Enslen's rulings were somehow "not final", as Reyes asserts, because

they were memorialized in short orders rather than lengthier opinions, they never said so. If the Sixth Circuit panel believed that Judge Enslen's orders were interlocutory and hence not immediately appealable, it simply would have dismissed Reyes's appeals for lack of appellate jurisdiction; it did not. Rather, the panel "affirmed" Judge Enslen's rulings. *See* Doc 513 (December 15, 2003 Order in CCA Nos. 03-1282 and 03-1408) and Docs 517 (Circuit's March 29, 2004 mandate corresponding to said affirmance order).

The remainder of Reyes's motion for reconsideration – to the extent that it can be understood – raises arguments which were already made in his opening sentence-reduction brief and specifically rejected in this court's opinion denying the sentence-reduction motion – and/or arguments which are not cognizable on an 18 U.S.C. § 3582 motion in any event, for reasons explained in the original opinion. *See* Def's Recon Mot at 2–3 (Judge Enslen did not actually sentence Reyes as a career offender under 21 U.S.C. § 841(b)(1)(A), and did not actually impose a statutory mandatory life sentence on the basis that one Grant Cooper died from an overdose on drugs distributed by Reyes's conspiracy); *id.* at 3-4 (by failing to object or appeal from Judge Enslen's sentencing of Reyes, which supposedly did not include a life-sentence enhancement based on the prosecution's 21 U.S.C. § 851 Enhancement Notice, the prosecution waived its entitlement to seek such an enhancement); *id.* at 4-5 (if Judge Enslen did enhance Reyes's sentence due to Mr. Cooper's overdose death, it was improper to do so because Reyes "had no knowledge that someone was supposed to die by drugs" and "never agreed upon the death of anyone"); *id.* at 5 ("This why [sic] amendment[s] 505 and 591 apply in this case because Petitioner['s] base offense level started at 44 for drug [weight] only [not the death of Cooper from overdose on drugs he obtained from Reyes's co-defendants.").

After "addressing" Guideline Amendments 505 and 591, Reyes reiterates his view that "the

*Apprendi* and *Booker* line of cases should apply to his case . . . ." Reyes provides *no* authority for this proposition, let alone binding precedent on point that was not available to him when he filed his opening brief seeking sentence reduction under those amendments. The court advises Reyes to consult the Sixth Circuit's order affirming Judge Enslen's denial of his first sentence-reduction motion. The Circuit stated clearly:

> the court acted within its discretion by denying Reyes' motion, as the retroactive application of Amendment 505 would not have affected his sentencing guideline range.
>
> *Reyes also argues that the district court's application of § 841(b)(1)(A) violated the holding in Apprendi v. New Jersey, 530 U.S. 466, 490 . . . (2000). However, it is now clear that Apprendi is not retroactively applicable, even to cases on initial collateral review. See Goode . . . , 305 F.3d [at] 382 . . . .*

*US v. Reyes*, 83 F. App'x 796, 797 (6th Cir. Dec. 11, 2003) (per curiam) (C.J. Boggs, Batchelder, Sutton). *See also US v. McCutcheon*, – F. App'x –, 2010 WL 711150, *2 (5th Cir. Mar. 2, 2010) (per curiam) ("*Booker* is not applicable in § 3582 proceedings.") (citing *US v. Doublin*, 572 F.3d 235, 237 (5th Cir.), *cert. denied*, – U.S. –, 130 S.Ct. 517 (2009)).

Penultimately, Reyes reiterates his view that "this Court should defer ruling in this case pending the decision in *Dillion v. United States*, No. 09-6338, *cert. granted* U.S. Dec. 9, 2009." Def's Recon Mot at 6. Here too, Reyes presents *no* authority or argument whatsoever, let alone authority or argument which was not available to him in the exercise of due diligence when he filed his opening sentence-reduction brief. The court amply explained why a Supreme Court decision in *Dillion* cannot have any bearing on any sentence-reduction argument made by Reyes which is cognizable under 18 U.S.C. § 3582. *See Reyes*, 2010 WL 816869 at *9.

Finally, Reyes contends that he "was indicted for three (3) different types of drugs and the jury returned a general verdict, so he should be sentenced to the drug that carr[ies] the lowest time."

Def's Recon Mot at 6 (citing *US v. Johnson*, 569 F.3d 619 (6th Cir. 2009)). Even if this argument has merit – a matter on which this court intimates no opinion – 18 U.S.C. § 3582(c) is not a proper vehicle for raising it, for reasons previously explained. *See Reyes*, 2010 WL 816869 at *8 ("'§ 3582(c)(2) is not a vehicle for convicts to raise unrelated sentencing challenges that they had previously overlooked or omitted . . . .'") (quoting *US v. Metcalfe*, 581 F.3d 456,457 (6th Cir. 2009) and citing, *inter alia*, *US v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000) (when a convict files a § 3582(c)(2) motion, "all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." ); and *US v. Gamboa*, 1997 WL 345665, *1 n.2 (9th Cir. June 23, 1997) ("Gamboa's sentencing claims not involving changes to the guidelines are not cognizable in his section 3582 motion . . . .")).

The court again advises Reyes that "[t]o raise any challenge to the reliability, admissibility, or factual accuracy of the evidence/testimony underlying his sentence, or to assert a substantive *Booker / Apprendi* or similar argument, Reyes must seek leave from the U.S. Court of Appeals for the Sixth Circuit to file a second or successive habeas corpus petition." *Reyes*, 2010 WL 816869 at *8 (citing, *inter alia*, *Durfee*, 1995 WL 257865 at *1). *Accord US v. Ali*, 2010 WL 331886, *1 (M.D. Fla. Jan. 27, 2010) ( defendant contended that prior state offense was improperly used to enhance his federal sentence, drug amounts in the factual basis for his guilty plea were "erroneously applied", and government used "unsound judgment" when calculating said amounts; court remarked that "[t]he claims are not cognizable under 18 U.S.C. § 3582(c).  * * *  Relief, if any, would appear appropriate pursuant to § 2255 . . . .").

**ORDER**

The defendant's motion for reconsideration of *US v. Reyes*, 2010 WL 816869 (W.D. Mich. Mar. 4, 2010) **[document #559] is DENIED**.

This is a final order.

**IT IS SO ORDERED this  1ˢᵗ  day of April,  2010.**

                                      /s/ Paul L. Maloney
                                      Honorable Paul L. Maloney
                                      Chief United States District Judge